UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DENISE GROULX, individually and
for others similarly situated,

                            **Plaintiff,**

  vs.                                                    8:23-cv-00561

UNITED HELPERS CARE, INC.,                  (MAD/DJS)

                            **Defendant.**
_____

APPEARANCES:                                    OF COUNSEL:

**JOSEPHSON DUNLAP, LLP**                ANDREW DUNLAP, ESQ.
11 Greenway Plaza, Suite 3050          MICHAEL JOSEPHSON, ESQ.
Houston, Texas 77046
Attorneys for Plaintiffs

**KELLY LAW TEAM**                          DAVID I. IVERSEN, ESQ.
1 East Washington Street, Suite 1520
Phoenix, Arizona 85004
Attorneys for Plaintiffs

**ANDERSON ALEXANDER, PLLC**       WILLIAM CLIFTON ALEXANDER,
101 North Shoreline Boulevard, Suite 610  ESQ.
Corpus Christi, Texas 78401             AUSTIN W. ANDERSON, ESQ.
Attorneys for Plaintiffs                    CARTER T. HASTINGS, ESQ.

**LAUREL EMPLOYMENT LAW APC**     WILLIAM M. HOGG, ESQ.
6309 Van Nuys Boulevard, Suite 111
Van Nuys, California 91411
Attorneys for Plaintiffs

**BRUCKNER BURCH PLLC**              RICHARD J. BURCH, ESQ.
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Attorneys for Plaintiffs

**LEE JACOBS & ASSOCIATES LLC**     LEE N. JACOBS, ESQ.
97 Newkirk Street, Suite 207

1

Jersey City, New Jersey 07306
Attorneys for Defendant

**BARCLAY DAMON LLP**　　　　　　　　　　**ROBERT J. THORPE, ESQ.**
Barclay Damon Tower　　　　　　　　　　　**ROSS M. GREENKY, ESQ.**
125 East Jefferson Street
Syracuse, New York 13202
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS AND COLLECTIVE, APPOINTMENT OF CLASS COUNSEL, AND APPROVAL OF PROPOSED NOTICE OF SETTLEMENT**

**WHEREAS**, Plaintiff Denise Groulx, individually and as Representative of the Settlement Class, as defined below ("Plaintiffs"), and Defendant United Helpers Care, Inc. ("Defendant" or "United") (Plaintiffs together with Defendant hereinafter collectively, the "Parties") have entered into a proposed class and collective settlement, which if approved, would resolve this class and collective action ("Action");

**WHEREAS**, on October 10, 2025, Plaintiffs filed an unopposed motion for preliminary approval of class and collective settlement, Dkt. No. 64, which asks the Court to consider whether the Settlement reached by the Parties should be preliminarily approved, the proposed Settlement Class provisionally certified, the proposed Settlement Collective of similarly situated employees under the Fair Labor Standards Act ("FLSA") certified, Class Counsel appointed, and the proposed class notice and accompanying email script approved;[1]

**WHEREAS**, having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined

---

[1] Unless otherwise defined herein, terms used in this Order have the same meaning as defined in the Settlement.

the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class and Collective should be preliminarily certified, Class Counsel should be appointed, the proposed notice plan should be approved, and a hearing is to be set for the Court to determine whether to grant final approval of the Settlement;

**NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the Parties, and after consideration of the Settlement and its exhibits, **IT IS HEREBY ORDERED** that:

1. The Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the action.

## PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS AND FLSA COLLECTIVE

2. The Court hereby **APPROVES** the Parties' stipulated certification of the FLSA Collective for the purposes of settlement only.

3. The Court hereby **GRANTS** conditional certification of the proposed Rule 23 Settlement Class.

4. The Court finds the proposed Class of 468 current and former hourly, non-exempt United employees satisfies the requirements of numerosity, commonality, and typicality, and that the Representative party will fairly and adequately protect the interests of the Class.

5. The Court determines that for settlement purposes, the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3). Specifically, the class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the Class Representative are typical of absent class members; the Class Representative will fairly and adequately protect the interests of the class as they have no interests

antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy.

### PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT

6. The Court hereby **GRANTS** preliminary approval of the terms and conditions contained in the Settlement. The Court preliminarily finds that the terms of the Settlement appear to be fair, adequate, reasonable, and not the product of collusion.

7. The Court finds that the Settlement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class and Collective Members without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. Additionally, the Court finds that the Settlement is the result of arm's-length negotiations between experienced class action attorneys, warrants issuance of notice to the Settlement Class and Collective, and otherwise meets the criteria for approval.

### APPOINTMENT OF CLASS COUNSEL AND AFFIRMATION OF REPRESENTATIVE

8. The Court hereby **APPOINTS** Josephson Dunlap, LLP; Bruckner Burch, PLLC; and Hacker Murphy LLP as Class Counsel, and **AFFIRMS** Denise Groulx as the Class and Collective Representative.

### ADMINISTRATION

9. The Court hereby **AUTHORIZES** the retention of Ilym Group as Settlement Administrator for the purposes of the Settlement, with reasonable administration costs estimated not to exceed $10,000 except with good cause.

## NOTICE TO THE CLASS

10. The Court hereby **APPROVES** the Notice of Class and Collective Action Settlement. The Court finds the Notice, along with the related notification procedure contemplated by the Settlement, constitutes the best notice practicable under the circumstances and is in full compliance with the applicable laws and the requirements of due process. The Court further finds the Notice appears to fully and accurately inform the Class and Collective Members of all material elements of the proposed Settlement, the Members' right to be excluded from the Settlement, and the Members' right and opportunity to object to the Settlement.

11. The Settlement Administrator is directed to carry out the Notice Plan and to perform all other tasks that the Settlement requires.

12. The Court hereby **AUTHORIZES** dissemination of the Notice to the Class and Collective Members. Subject to the terms of the Settlement, the Notice shall be mailed via first-class mail and email (where available), using the most current mailing and email addresses identified within the timeframe specified in the Settlement.

## EXCLUSION FROM THE CLASS

13. The Court hereby **APPROVES** the proposed procedures for Class Members to request exclusion from the Rule 23 component of the Settlement. Any Class Member who submits a written exclusion shall not be a member of the Class, shall be barred from participating in the Rule 23 component of the Settlement, shall not be permitted to object to the Settlement, shall not release any of the New York State wage and hour claims affected by the Rule 23 component of the Settlement, and shall receive no benefit from the Rule 23 component of the Settlement.

14. The Court hereby **APPROVES** the proposed procedures for Collective Members to opt into the FLSA component of the Settlement, which is to deposit, cash, or otherwise negotiate their Settlement check within 180 days of the date the check is mailed. Any Collective Member who so opts in will be bound by the terms of the Settlement and release all FLSA wage and hour claims pursuant to the terms of the Settlement. Any Collective Member who does not deposit, cash, or otherwise negotiate their Settlement check will not release any of the FLSA wage and hour claims.

## ATTORNEYS' FEES

15. The Court preliminarily **APPROVES** Plaintiffs' request for an award of attorneys' fees as stated in the Settlement.

## OBJECTIONS TO THE SETTLEMENT

16. The Court **ORDERS** that each Class Member be given a full opportunity to object to the proposed Settlement and request for attorneys' fees, and to participate at a Final Approval Hearing. Any member of the Class seeking to object to the proposed Settlement may file such objection in writing with the Court and shall serve such objection on Plaintiffs' Counsel and Defendant's Counsel.

## FINAL APPROVAL HEARING

17. The Court **ORDERS** Plaintiffs' Counsel to file a motion for final approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the Class Members' identities who request exclusion from the Settlement, no later than thirty calendar days after the close of the settlement notice period.

18. A Final Approval Hearing shall take place before the Court on Friday, March 20, 2026, at 12:00 P.M. at the James T. Foley United States Courthouse, 445 Broadway, Albany, New York 12207.

19. If for any reason the Settlement is not finally approved or does not become effective, this Order Granting Preliminary Approval shall be deemed vacated, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void, and the Action shall proceed as if no settlement had been attempted.

## STAY OF PROCEEDINGS

20. The Court further **ORDERS** that, pending further order of this Court, all proceedings in the Action, except those contemplated herein and in the Settlement, are stayed, and all deadlines are vacated.

## SUMMARY OF DEADLINES

21. The Court may, for good cause shown, extend any of the deadlines set forth in this Order.

22. The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing.  Deadlines arising under the Settlement and this Order include, but are not limited to, the following:

| ACTION | DEADLINE |
|---|---|
| Deadline for United to provide Ilym with the Class Data pursuant to the Settlement | Within 14 days of this Order |
| Deadline for Ilym to mail and email the Notice Packets to Class and Collective Members pursuant to the Settlement | Within 14 days after Ilym receives the Class Data |

| | |
|---|---|
| Deadline for Class Members to postmark requests to exclude themselves from the Rule 23 component of the Settlement, opt out of the FLSA component of the Settlement, or file objections to the Settlement | 60 days after Notice Packets are mailed |
| Deadline for Ilym to provide all counsel with a report showing:<br>  i.   The names and other identifying information of Class Members who have timely submitted valid written Requests for Exclusion;<br>  ii.  The names and other identifying information of Class Members who have submitted invalid Requests for Exclusion; and<br>  iii. Copies of all Requests for Exclusion from Settlement submitted (whether valid or invalid) | Within 5 calendar days after the opt-out/objection deadline |
| Deadline for Ilym to provide the Court and all counsel with a statement detailing the Settlement Administration Costs and its administration of the Notices | No later than 30 calendar days after the close of the settlement notice period |
| Deadline for filing of Final Approval Motion | No later than 30 calendar days after the close of the settlement notice period |
| Final Approval Hearing | March 20, 2026, at 12:00 P.M. |

**IT IS SO ORDERED.**

Dated: November 17, 2025
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

8