**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**DENISE GROULX,** *individually and*
*for others similarly situated,*

                                        **Plaintiff,**

   **vs.**                                                **8:23-CV-561**
                                                                **(MAD/DJS)**

**UNITED HELPERS CARE, INC.,**

                                        **Defendant.**

---

**APPEARANCES:**                                        **OF COUNSEL:**

**JOSEPHSON DUNLAP LLP**                        **ANDREW DUNLAP, ESQ.**
5847 San Felipe Street, Suite 2400              **MICHAEL JOSEPHSON, ESQ.**
Houston, Texas 77057                            **OLIVIA R. BEALE, ESQ.**
Attorneys for Plaintiffs

**KELLY LAW TEAM**                                **DAVID I. IVERSEN, ESQ.**
1 East Washington Street, Suite 1520
Phoenix, Arizona 85004
Attorney for Plaintiffs

**ANDERSON ALEXANDER, PLLC**                **WILLIAM CLIFTON ALEXANDER,**
101 North Shoreline Boulevard, Suite 610        **ESQ.**
Corpus Christi, Texas 78401                        **AUSTIN W. ANDERSON, ESQ.**
Attorneys for Plaintiffs                        **CARTER T. HASTINGS, ESQ.**

**LAUREL EMPLOYMENT LAW APC**                **WILLIAM M. HOGG, ESQ.**
808 Wilshire Boulevard, Suite 200
Santa Monica, California 90401
Attorney for Plaintiffs

**BRUCKNER BURCH PLLC**                        **RICHARD J. BURCH, ESQ.**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Attorney for Plaintiffs

**LEE JACOBS & ASSOCIATES LLC**                **LEE N. JACOBS, ESQ.**
97 Newkirk Street, Suite 207

1

Jersey City, New Jersey 07306
Attorney for Defendant

**BARCLAY DAMON LLP**                    **ROBERT J. THORPE, ESQ.**
Barclay Damon Tower                           **ROSS M. GREENKY, ESQ.**
125 East Jefferson Street
Syracuse, New York 13202
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### FINAL APPROVAL ORDER AND JUDGMENT GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT

**WHEREAS**, on November 17, 2025, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (Dkt. No. 65) of the Settlement between (a) Denise Groulx, individually and on behalf of others similarly situated ("Plaintiffs" or the "Rule 23 Settlement Class and FLSA Collective"); and (b) Defendant United Helpers Care, Inc. ("Defendant") (collectively, the "Parties");

**WHEREAS**, pursuant to the notice requirements set forth in the Settlement and in the Preliminary Approval Order, Plaintiffs were apprised of the nature and pendency of the action, the terms of the Settlement, and their rights to object, request exclusion, and/or appear at the Final Approval Hearing;

**WHEREAS**, this matter is before the Court on Plaintiffs' unopposed Motion for Final Approval of Settlement (Dkt. No. 66);

**WHEREAS**, on March 24, 2026, the Court held a Final Approval Hearing to determine, *inter alia*, whether the Settlement's terms are fair, reasonable, and adequate; whether certification of the Rule 23 Settlement Class and FLSA Collective is proper; and whether the requested attorneys' fees and expenses are reasonable;

2

**NOW, THEREFORE**, having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order; having reviewed all of the submissions presented with respect to the proposed Settlement; having determined that the Settlement is fair, adequate, and reasonable; having considered the motion made by class counsel for attorneys' fees and expenses; and having reviewed the materials in support thereof, and good cause appearing, for the reasons set forth by the Parties, as well as the reasons articulated by the Court herein and on the record at the Final Approval Hearing, **IT IS HEREBY ORDERED** that:

1. The Settlement and all of its exhibits (as filed with the Court) are incorporated in this Final Order and Judgment, including the definitions and terms set forth in the Settlement.

2. The Court **GRANTS** final approval of the terms and conditions contained in the Settlement, which are both procedurally and substantively fair. *See* FED. R. CIV. P. 23(e); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) (listing nine factors to guide courts in determining fairness of a settlement: "(1) the complexity, expense and likely duration of the litigation"; "(2) the reaction of the class to the settlement"; "(3) the stage of the proceedings and the amount of discovery completed"; "(4) the risks of establishing liability"; "(5) the risks of establishing damages"; "(6) the risks of maintaining the class action through the trial"; "(7) the ability of the defendants to withstand a greater judgment"; "(8) the range of reasonableness of the settlement fund in light of the best possible recovery"; and "(9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation") (citations omitted).

3.      The Court **ORDERS** that certification of the Rule 23 Settlement Class and FLSA Collective is proper.

4.      The Court **ORDERS** the Parties to carry out all of the remaining and applicable terms of the Settlement.

5.      The Court **APPROVES** the attorneys' and Settlement administrator's fees and costs.

6.      The Court **APPROVES** the service award to Plaintiff Groulx.

7.      The Court **DISMISSES** this action **with prejudice**, subject to the terms of the Settlement.

8.      Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

9.      Without affecting the finality of this Final Approval Order and Judgment, the Court will retain exclusive jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party, and resolution of any disputes that may arise relating in any way to the implementation of the Settlement or the implementation of this Final Approval Order and Judgment.

**IT IS SO ORDERED.**

Dated: March 27, 2026
        Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge